IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WEI WANG, GUANGYI XIONG, and
XIAOFENG FENG

    Plaintiffs,

      v.

SHEN JIANMING and
SHENLAW LLC

    Defendants.

Case 2:19-mc-00005-JES-UAM

D. Vt. Case No. 2:17-cv-153

### NICHOLAS M. HULME'S COMPOSITE MOTION TO QUASH SUBPOENA FOR DEPOSITION DUCES TECUM AND FOR PROTECTIVE ORDER, MOTION TO STAY, AND, IN ALTERNATIVE, MOTION TO TRANSFER SUBPOENA-RELATED MOTION

Non-party subpoena respondent, Nicholas M. Hulme, hereby (i) moves, pursuant to Federal Rules of Civil Procedure 45 and 26, to quash the second subpoena issued by Plaintiffs' counsel, Russell Barr, in the District of Vermont for Hulme's May 2, 2019, deposition duces tecum in the Middle District of Florida (the "Second Subpoena"), (ii) moves for a protective order barring Hulme's deposition duces tecum currently set for May 2, 2019, and (iii) moves to stay the Second Subpoena while Hulme's Motions are pending before this Court. In the alternative, and in the event this Court is not inclined to grant Hulme's Motions to Quash and Stay Subpoena for Deposition and for Protective Order, Hulme files this accompanying Motion to Transfer Subpoena-Related Motion. In support of this Motion, Hulme states the following:

On February 25, 2019, Mr. Barr issued a subpoena for the deposition duces tecum of Mr. Hulme which purported to set Mr. Hulme's deposition for April 5, 2019 (the "First Subpoena").

1

Barr designated the offices of a law firm as the location of the deposition without informing or consulting said law firm, and without consulting or discussing with Hulme or his counsel prior to issuing the subpoena. Despite being notified by the law firm that he would not be permitted to use this venue, Barr refused to withdraw his subpoena.

On March 21, 2019, Hulme filed, and on March 25, 2019, Barr was served with, a Motion to Quash Subpoena for Deposition and for Protective Order, and in alternative, Motion to Transfer Subpoena-Related Motion.

On March 28, 2019, while Hulme's First Motion to Quash was pending, Barr issued the Second Subpoena, appointing Hulme's counsel's offices as the venue for the deposition, to occur on May 2, 2019, again without prior notification to or consultation with Hulme or his counsel. A copy of the Subpoena is attached hereto as **Exhibit 1**.

Also on March 28, 2019, Barr sent Hulme's counsel an email implying that Barr might publicly slander Hulme and his father (the "Hulmes") – whom Barr had previously praised "as a whistleblower who has been retaliated against" – as harboring "connections to the Jay fraud," unless Hulme "reconsider[ed] his filing" opposing Barr's subpoenas and sat for deposition.

On March 28, 2019, the State of Vermont released "500,000 pages of documents [] related to the EB-5 and Jay Peak financial fraud" and pledged that "[i]n the coming weeks 200,000 more pages of records will be" made public – a document disclosure "so unprecedented" that it "contain[s] all the information gathered by the State" in this matter. <https://www.vpr.org/post/state-releases-nearly-half-million-jay-peak-eb-5-records#stream/0>.

Nicholas Hulme has stated, and continues to maintain, that he has no relevant information to contribute to the claims or defenses at-issue in this litigation, which concern matters that occurred many years subsequent to the termination of the Hulmes' involvement with the Jay

Peak Projects. *Kiepert v. Cty. of Volusia*, 2018 U.S. Dist. LEXIS 221337 (M.D. Fla. 2018) (quashing subpoena, entering protective order, and concluding "that the proposed discovery [wa]s not relevant or proportional to the needs of the case and thus is outside the scope permitted," where the specific claims at-issue in underlying litigation accrued two years after subpoenaed party ceased having any involvement whatsoever in matters of concern and the subpoenaing party failed to demonstrate an adequate nexus of relevance).

The Hulmes have, furthermore, already produced to Barr a complete production of all conceivably relevant documents. True and correct copies of a correspondence and delivery confirmation attesting to the same are attached hereto as **Composite Exhibit 2**. Barr, moreover, cannot possibly have reviewed the State of Vermont's latest 500,000-page disclosure, or the State's upcoming disclosures, and so cannot argue in good faith that further burdening Hulme, by insisting that his deposition occur, is necessary.

As set forth in Hulme's First Motion to Quash, incorporated here by reference, and as further underscored by the events subsequent to Hulme's initial filing, compliance with Barr's subpoenas for deposition duces tecum would subject Hulme to undue burden, harassment and oppression under Federal Rules of Civil Procedure 45(d)(3) and 26(c). Barr was well-aware, prior to serving his First Subpoena, that any conceivably relevant documents in the Hulmes' possession had already been provided, that they had no further information to add that would be relevant to Barr's litigation, and that they were unwilling to be subjected to the undue burden of a deposition.

More than 14 days have elapsed from (March 25, 2019) service on Barr of Hulme's First Motion to Quash. As far as counsel for Hulme is aware, Barr has not responded to that Motion in this or any other court. Middle District of Florida Local Rules, Rule 3.01(b) ("Each party

opposing a motion or application shall file within 14 days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request …"). Accordingly, Nicholas Hulme respectfully requests that this Court quash the Second Subpoena, and issue a protective order preventing Barr's issuance of further subpoenas, thus preventing Hulme from being harassed further.

If this Court is unwilling to summarily conclude that the Subpoena unduly burdens Hulme, Hulme requests that the matter be transferred to the District of Vermont, so it can be fully briefed and argued in the District of Vermont, because the federal court in the underlying action is intimately familiar with Barr's tactics, the facts and the parties, as well as the multiplicity of the various actions instigated by Barr, including against the State of Vermont.

Finally, and given Barr's decision to re-issue subpoenas for depositions duces tecum to Hulme, forcing Hulme to incur attorneys' fees and costs in moving to quash each one of Barr's defective subpoenas, rather than allowing this Court to decide the motions pending before it, Hulme, additionally and respectfully, requests that Plaintiffs be ordered to reimburse Hulme for all attorneys' fees and costs he has incurred in opposing Barr's subpoenas.

**WHEREFORE**, Non-Party Subpoena Respondent, NICHOLAS M. HULME, respectfully requests (1) that the Subpoena issued February 25, 2019, for his deposition duces tecum set for April 5, 2019, be quashed; (2) that the Subpoena issued March 28, 2019, for his deposition duces tecum set for May 2, 2019, be quashed; (3) that a protective order barring Plaintiffs in the above-captioned Vermont District Court action, or their counsel Russell Barr, Esq., from deposing Nicholas Hulme be entered; (4) that an order be entered directing Russell Barr, Esq., to reimburse Nicholas Hulme for the substantial attorneys' fees and costs Hulme has been forced to incur as a result of Barr's abuse of the discovery process; (5) that this Court enter

an order staying the depositions of Nicholas Hulme set for April 5, 2019, and May 2, 2019, while these motions are pending; and (6) that, in the alternative, if this Court is unwilling to stay the depositions and unable to conclude that Barr's conduct unduly burdens Hulme, this matter be transferred to the District Court of Vermont, pursuant to Federal Rule of Civil Procedure 45(f), for resolution by the court from which the Subpoena was issued.

## CERTIFICATE OF GOOD FAITH

I hereby certify that, in accordance with Local Rule 3.01(g), numerous predecessor counsel on the Hulmes' behalf have conferred with Russell Barr, Esq., in good faith, in an effort to resolve the issues implicated in this Motion, that the undersigned has repeatedly and unambiguously conveyed Non-Party Subpoena Respondent Hulme's position to Russell Barr, Esq., as well as the Barr Law Firm, and that Barr persists in his attempt to obligate Hulme to sit for an irrelevant and burdensome deposition, despite Barr's awareness of Hulme's unwillingness to do so, thereby rendering any further discussion and conferral completely futile.

**DAVID KEREM LAW, P.A.**

By:    /s/ *David Kerem*
       David Kerem, Esq.
       Florida Bar No. 92809
       3606 Enterprise Avenue, Ste. 346
       Naples, FL  34104
       239.330.4361 ext. 3461
       *Attorney for Nicholas Hulme*
       Primary: dk@davidkeremlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **11th day of April 2019**, I electronically filed the forgoing with the Clerk of Court for the Middle District of Florida, Fort Myers Division, and that

the ECF system will electronically serve notice of the same on the following ECF registrants:

>Russell D. Barr
>*russ@barrlaw.com*
>Chandler W. Matson
>*chandler@barrlaw.com*
>125 Mountain Road
>Stowe, VT 05672
>Phone: 802.253.6272
>Fax: 802.253.6055

>**DAVID KEREM LAW, P.A.**

>By: /s/ *David Kerem*
>David Kerem, Esq.
>Florida Bar No. 92809
>3606 Enterprise Avenue, Ste. 346
>Naples, FL 34104
>239.330.4361 ext. 3461
>*Attorney for Nicholas Hulme*
>Primary: dk@davidkeremlaw.com